


THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**BOGDAN OSTROWSKI**

*Plaintiff*

- against -

**THE PORT AUTHORITY OF NY&NJ**

*Defendant*

---

21 CV 3328 (KAM) (LB)

**AFFIDAVIT/AFFIRMATION**

AMENDMENT TO COMPLAINT

and

OPPOSITION TO DEFENDANT'S

MOTION

STATE OF NEW YORK ) 
COUNTY OF KINGS ) ss.:

I, **BOGDAN OSTROWSKI**, [being duly sworn] deposes and says [or make the following affirmation under the penalties of perjury]:

I, **BOGDAN OSTROWSKI**, am the plaintiff in the above entitled action, and respectfully move this Court to issue an order to Amend Plaintiff's complaint and <u>dismiss Defendant's motion (ECF. No 16) entirely</u> on the base of alleged filling complaint to EEOC by Plaintiff later than 180 days was untrue.

<u>The reason why I am entitled to the relief I seek is the following:</u>

Please NOTE that this amendment was created because Defendant's a team of Attorney is confused and is unable to find proper provision of the law, when Defendant fraudulently abused his power and by employment discrimination practices described in the complaint was violating multiple provisions of the Federal protected laws indicated below.

1. Defendant has engaged in unlawful practices in violation of the Age Discrimination in Employment Act of 1967 (ADEA) which is a federal law that prohibits age based employment discrimination. Specifically, the ADEA prohibits employers from discriminating against people 40 years of age or older. The ADEA also prohibits employers from retaliating against employees for asserting their legal rights under the law.

The record shows the trend and pattern that three senior coworkers were forced for early retirement already by Defendant and Defendant's irresponsible supervisors and management are working two years already to do the same to 64 years old Plaintiff by aggressive predatory abused practices and fabricated suspensions at toxic and hostile workplace environment.

**It is illegal for an employer to make employment decisions based on employee age** instead of employee skills or how well you do your job. This includes decisions about hiring, firing, discipline, distribution of benefits, promotion, compensation, job training, or any other condition of employment.

Plaintiff always performed his work well without lateness and absences and was no other reason than age and national origin to retaliate and discriminate against him, like to other three senior coworkers and to suspend him six times and even sent him twice to medical office for medical evaluation to fit to work as an Electronic System Specialist.

2. Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by suspending Plaintiff a six times in less than one year and is seeking his termination of the employment by arbitration because he opposed discriminatory practices done to three coworkers already forcing them for early retirement and was always reporting to superiors unlawful supervisors retaliatory and predatory abused practices.

The team of Defendants attorney must know that the ADEA also protects older workers against age-based harassment at work, if the harassment creates a hostile and abusive work environment. Plaintiff was a subject to the harassment by aggressive supervisors making provocative and compromised situation, making false statements, fabricated charges and unwanted discipline, leading to senseless and ridiculous suspensions with the only one intention to force Plaintiff out of employment.

Also, the ADEA prohibits a covered employer from retaliating against any employee who opposes a prohibited practice, files a charge, or participates or testifies in an investigation, proceeding, or litigation under the ADEA. 29 U.S.C. § 623(d). Retaliatory actions include: termination, demotion, denial of promotion, unwarranted discipline, an unwarranted negative performance review, suspension or other forced leave, reduction in pay or hours, denial of benefits, reassignment that negatively impacts promotion, or alteration of job duties.

3. Defendant has engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-16, which prohibits employment discrimination based on race, color, religion, sex, and national origin, as it applies to employees and applicants for employment at DOL.

Supervisors M. Casalaspro was specifically took advantage over Plaintiff and was acting as abusive predator. He intentionally was treating Plaintiff unfavorably, was harassing him and retaliating, was creating false statements and trouble for Plaintiff because Plaintiff was Polish origin, did not speak English perfectly, sound with accent and was very easy target because supervisors can do everything they want.

4. Defendant has engaged in unlawful practices in violation of 29 USC 621 (b)

*(b) -It is therefore the purpose of this chapter to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age*

> *discrimination in employment; to help <u>employers</u> and workers find ways of meeting problems arising from the impact of age on employment.*

Plaintiff applied twice for promotion and he was denied. Once was applying for General Maintenance Supervisor position and lost to younger supervisor Casalaspro totally unqualified for the job without FCC license and journey knowledge, without skill and experience in electronics and radio communication, when Plaintiff has engineering degree in electronics, FCC licenses, over thirty years of experience in electronics and radio communication in military application. The second time Plaintiff applied for Maintenance Manager at LGA and his application was mishandled.

Defendant engaged unlawful age discrimination by Discriminatory Promotion Decisions against Plaintiff on the base who you know and not on the base who is the best on or for the job.

<u>PLEASE NOTE</u> that the unlawful employment practices by Defendant described above were intentional.

5. In addition, Plaintiff complied with law and timely filled complaint to EEOC to this Honorable Court.

Plaintiff filled his complaint to EEOC in December 14, 2020 in less than 180 days of his sixth suspension on June 25, 2020.

In fact, EEOC extended filling time in 2020 due to COVID-19 pandemic in general and in Plaintiff case the deadline for filling a charge was April 22, 2021.

Plaintiff complied and filled charges on March 16, 2021 and Notice of Suit Rights was received on March 31, 2021 with 90 days of time for filling complaint to court and Plaintiff complied.

Defendant's team of Attorneys (ECF. No 16) is trying derailed or dismiss Plaintiff's complaint on the different base than Plaintiff's facts and is misleading this Honorable Court by stating that Plaintiff filled complaint to EEOC late, which is totally false.

Defendant's team of Attorneys shows manipulative character already and should not dictate to this Honorable Court what to do or how to proceed.

<u>Plaintiff is respectfully requesting this Honorable Court to dismiss Defendant's motion (ECF. No 16) entirely.</u>

WHEREFORE, I respectfully request that the Court grant the within motion, as well as such other and further relief that may be just proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 7, 2021

.................................
*Pro Se, Plaintiff*